**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SHARIKA NICOLE JENKINS,**

**Plaintiff,**

**-vs-** **Case No. 6:13-cv-1583-Orl-31GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

**Defendant.**

---

# REPORT AND RECOMMENDATION

Sharika Nicole Jenkins (the "Claimant") appeals from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for benefits. Doc. No. 1. Claimant alleges an onset of disability date of June 17, 2010, and Claimant is insured for benefits through December 31, 2014. R. 15, 161-72, 192. Claimant maintains that the final decision of the Commissioner should be reversed and remanded because: 1) the Appeals Council erred by failing to adequately explain its evaluation of the new evidence and to grant Claimant's request for review by remanding the case back to the Administrative Law Judge (the "ALJ") for further consideration; and 2) the ALJ erred by failing to order a consultative examination. Doc. No. 17 at 7-16. For the reasons set forth below, it is recommended that the final decision be **REVERSED and REMANDED for further proceedings**.

## I. THE ALJ'S FIVE-STEP DISABILITY ANALYSIS.

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is

disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). In *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), the Eleventh Circuit explained the five-step sequential evaluation process as follows:

> In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial gainful activity. At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. At step three, if the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience. If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work. At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

*Id*. (citations omitted). The steps are followed in order. If it is determined that the claimant is not disabled at a step of the evaluation process, the evaluation will not go on to the next step.

## II. BACKGROUND.

Claimant alleges disability due to limitations from fibromyalgia, status post-double mastectomy, and side-effects from medications. R. 71-76. At step-two of the sequential evaluation process, the ALJ determined that Claimant has the following severe impairments: fibromyalgia; status post-double mastectomies; osteopenia; and anemia. R. 17. The ALJ found that Claimant retains the following residual functional capacity (the "RFC"):

> After careful consideration of the entire record, [the ALJ finds] that the claimant has the [RFC] to perform sedentary work . . . except cannot climb ladders, ropes or scaffolds, and can occasionally perform other postural movements; should avoid concentrated exposure to hazards; can do no frequent or repetitive pushing or pulling with the dominant right upper extremity; can reach overhead no more than frequently [with] the right upper

> extremity; and can carry out simple instructions and perform simple, routine tasks involving little independent decision making and few workplace changes.

R. 18. Thus, the ALJ determined that Claimant retains the RFC for a reduced range of sedentary work. R. 18.

In reaching the above-stated RFC assessment, the ALJ discussed the treatment records of Dr. Abdul Lodhi, a rheumatologist. R. 20-21.

> On March 2, 2011, the claimant presented to Abdul Lodhi, M.D. to establish care and be seen on complaints of pain in her bilateral hips and shoulders, which she asserted had been ongoing for the previous two years. The claimant asserted that this pain was progressively growing worse. Dr. Lodhi noted that the claimant had normal range of motion in all joints, and did not exhibit any back pain or neurological deficits, but did display multiple tender points. He ordered that several x-rays be taken of the musculoskeletal system, to determine whether the claimant's multiple arthralgias were the result of inflammatory arthritis, osteoarthritis, fibromyalgia, or a result of the claimant's cancer-related medication, such as the Tamoxifen. A Dexa bone mineral analysis showed overall normal bone mineral density in the lumbar spine and left femoral neck, though x-rays of the cervical and lumbar spine, as well as the bilateral hips and shoulders, did indicate the presence of mild osteopenia.
>
> She continued to complain of moderate pain for the following several months. Additional testing in August 2011 indicated that the claimant had a positive ANA result. On September 1, 2011, Dr. Lodhi diagnosed the claimant with fibromyalgia, and started her on Lyrica to treat her arthralgias.
>
> * * * *
>
> In December 2011, Dr. Lodhi considered whether the claimant suffered from Lupus, and thus placed her on Plaquenil. His treatment notes support that she responded well to this medication, in addition to treatment involving steroids. On December 29, 2011, the claimant affirmed that she experienced no side effects from these medications.

> No treating source opinion was offered regarding specific functional limitations for the claimant.

R. 20-21 (emphasis added). Thus, the ALJ gives a good summary of Dr. Lodhi's treatment records and notes that the record does not contain any opinion that Claimant has specific functional limitations from a treating source.

The ALJ then proceeds to give "limited" and "lesser" weight, respectively, to the opinions of two state-agency non-examining physicians who offered RFC opinions based upon a review of the medical record. R. 21. Finally, with respect to Claimant's joint pain, the ALJ concludes:

> The evidence also supports a history of joint pain, which the claimant's physicians have indicated may possibly be related to her chemotherapy medications, but also may be a consequence of fibromyalgia. The record does reflect that the claimant has a positive ANA result, and she has been assessed with fibromyalgia by a rheumatologist following multiple tender point examination. Nonetheless, the evidence shows that the claimant has shown overall good response to her medications, including Plaquenil (prescribed due to the suggestion of early Lupus), and steroid therapy. The limitations in the RFC to sedentary work, with additional postural and environmental restrictions, are sufficient to address any further complications.

R. 22. Thus, the ALJ noted that Claimant has been assessed with fibromyalgia, but found that the limitations contained in the above-stated RFC adequately account for her limitations. R. 22.

At step-five, based on the testimony of a vocational expert, the ALJ found that an individual with Claimant's background and RFC could perform other work which exists in significant numbers in the national economy. R. 23-24. Thus, the ALJ determined that Claimant is not disabled. R. 24.

Claimant requested review of the ALJ's decision from the Appeals Council and submitted new evidence. R. 1-6, 8-9, 638-97. Relevant to central the issue on appeal, Claimant

submitted a one-page opinion from Dr. Lodhi. R. 697. On August 16, 2012, Dr. Lodhi opined that Claimant's has the following functional limitations: the inability to sit upright in a chair for 2 or more hours in an 8 hour workday 5 days a week due to back and hip pain; the inability to be on her feet (standing or walking) for 2 or more hours in an 8 our workday 5 days a week due to back and leg pain; the need to change positions from sitting, standing or walking at will; the inability to reach overhead with her right arm; the inability to carry more than 5 pounds with her right arm; the inability to focus or concentrate for even 2 hours at a time due to pain and side-effects from medications; and the inability to perform any work activity 8 hours per day 5 days per week on a reliable and sustained basis. R. 697. Dr. Lodhi opined that those functional limitations have existed since June of 2010. R. 697.

On September 14, 2013, the Appeals Council denied Claimant's request for review. R. 1-6. The Appeals Council stated that it "considered the reasons you disagree with the decision and the additional evidence," including "a one-page opinion from Abdul Lodhi, MD, dated August 16, 2012." R. 2. The Appeals Council found that "this information does not provide a basis for changing the [ALJ's] decision." R. 2. On October 15, 2013, Claimant appealed the final decision of the Commissioner to the District Court. Doc. No. 1.

## III. <u>ANALYSIS</u>.

Claimant argues that the Appeals Council erred by failing to demonstrate that it adequately evaluated Dr. Lodhi's opinion and by not remanding the case to the ALJ to consider it. Doc. No. 17 at 10-14 (citing *Epps v. Harris*, 624 F.2d 1267, 1273 (5th Cir. 1980); *Ingram v. Commissioner of Social Security*, 496 F.3d 1253, 1257 (11th Cir. 2007); and *Flowers v.*

*Commissioner of Social Security*, 441 F. App'x. 735, 745 (11th Cir. 2011) (unpublished)).[1] The Commissioner maintains that the Appeals Council did not err because Dr. Lodhi's opinion is not material nor would it have changed the administrative outcome. Doc. No. 18 at 5. The Commissioner asserts that Dr. Lodhi's opinion would not have changed the administrative outcome because: it is "essentially an opinion of disability, which is not entitled any weight;" and it is inconsistent with his treatment records and other evidence of record. Doc. No. 18 at 6-7. Finally, the Commissioner contends that the Appeals Council is under no duty to articulate how it considers new and material evidence. Doc. No. 18 at 8-9.

Claimants may generally present new evidence at any stage of the administrative proceedings. 20 C.F.R. §§ 404.900(b), 416.1470(b); *Ingram v. Commissioner of Social Security*, 496 F.3d 1253, 1261 (11th Cir. 2007). If additional evidence is presented for the first time to the Appeals Council, it must consider the evidence if it is "new and material" evidence relating "to the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. §§ 404.970(b), 416.1470(b). Thus, to warrant consideration by the Appeals Council, the evidence must relate to the period on or before the date of the ALJ's decision. *Id*. In this case, although Dr. Lodhi's opinion was dated after the date of the ALJ's decision, the opinion unequivocally states that the limitations described therein existed since June of 2010. R. 697. Accordingly, Dr. Lodhi's opinion is "new" because it relates to the period before the ALJ's decision and should have been considered by the Appeals Council.

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent the prior decisions of the former Fifth Circuit. Moreover, in the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. 11th Cir. R. 36-2.

In *Epps*, 624 F.2d at 1271-72, the Appeals Council simply stated that it had considered the new evidence submitted by the claimant, but it found the ALJ's decision to be correct. *Id*. at 1272-73. The Fifth Circuit held:

> We recognize that the claimant bears a heavy burden in proving disability. Nevertheless, we cannot find that the record in this case contains substantial evidence supporting the Secretary's denial of Epps' disability eligibility. The ALJ predicated his finding that Epps' back problem did not result in disabling pain or other incapacitating restrictions in significant part on his understanding that Epps had not required radical treatment. Yet the Appeals Council adopted the hearing examiner's decision without addressing post-hearing evidence of disability submitted by Dr. Kerr that expressly stated that conservative treatment had failed and that Epps had recently been referred for consideration of the radical intervention believed by the ALJ to be an important indicator of disability. Moreover, Dr. Kerr informed the Appeals Council that Epps continued to suffer pain and limited range of motion, that the contemplated surgery would not increase his productivity, and that there was no possibility that Epps would ever be fit to work in any type of job. Although the Appeals Council acknowledged that Epps had submitted new evidence, it did not adequately evaluate it. Rather, it perfunctorily adhered to the decision of the hearing examiner. This failure alone makes us unable to hold that the Secretary's findings are supported by substantial evidence and requires us to remand this case for a determination of Epps' disability eligibility reached on the total record.

*Id*. at 1273. Thus, the Fifth Circuit reversed because the new evidence contradicted the ALJ's findings and the Appeals Council perfunctorily adhered to the ALJ's decision without adequately evaluating the new evidence. *Id*. Accordingly, the Court could not find that substantial evidence supported the Commissioner's decision. *Id*.

In *Bowen v. Heckler*, 748 F.2d 629, 634 (11th Cir. 1984), the Eleventh Circuit relied upon *Epps* to state that its review of the additional evidence suggested that "Appeals Council did

not adequately evaluate the additional evidence." *Id*. The Eleventh Circuit found that the Appeals Council perfunctorily adhered to the ALJ's decision and "[w]e have previously been unable to hold that the Secretary's findings were supported by substantial evidence under circumstances such as these." *Id*.

In 1995, due to the volume of disability applications, the Commissioner promulgated a memorandum "temporarily suspending the requirements for a detailed discussion of additional evidence [by the Appeals Council] and for specific responses to contentions in denial notices." HALLEX § 1-3-5-90, 2001 WL 34096367. *See also Higginbotham v. Barnhart*, 405 F.3d 332, 335 n. 1 (5th Cir. 2005) (noting that the Commissioner has suspended the detailed discussion requirement). This memorandum temporarily amended the Commissioner's Hearings, Appeals and Litigation Law Manual (the "Manual"). *See* HALLEX § 1-3-5-90, 2001 WL 34096367. Although the change was pronounced as temporary, to date it is still in effect. *Id*. The memorandum states that "this change does not in any way lessen the analyst's responsibility to consider the evidence and contentions and to make an appropriate recommendation to the Administrative Appeals Judge. It does mean that any required analysis can be included in the less formal setting of the recommendation, saving the time it would take to compose, edit and perhaps revise more formal language in the notice itself." HALLEX § 1-3-5-90, 2001 WL 34096367.

Subsequent to the Commissioner's amendment of the the Manual, the Eleventh Circuit reiterated that "[w]hen a claimant properly presents new evidence, and the Appeals Council denies review, the Appeals Council must show in its written denial that it has adequately evaluated the new evidence." *Flowers v. Commissioner of Social Security*, 441 F. App'x. 735,

745 (11th Cir. Sep. 30, 2011) (unpublished) (citing *Epps v. Harris*, 624 F.2d 1267, 1273 (5th Cir. 1980)). The Court stated that the Appeals Council must demonstrate or articulate in some manner that it has appropriately evaluated the new evidence, and "[i]f the Appeals Council merely 'perfunctorily adhere[s]' to the ALJ's decision, the Commissioner's findings are not supported by substantial evidence and we must remand 'for a determination of [the claimant's] disability eligibility reached on the total record.'" *Flowers*, 441 F. App'x at 745 (quoting *Epps*, 624 F.2d at 1273). Thus, despite the Commissioner's amendment to the Manual, in the Eleventh Circuit, where a claimant presents new evidence to the Appeals Council, it must show in its written denial that it has adequately evaluated the new evidence. *Id*. Failure to do so renders the final decision without substantial evidentiary support and requires a remand for further proceedings. *Epps*, 624 F.2d at 1273.

In this case, the ALJ noted that the record lacked any opinion as to Claimant's functional limitations from a treating physician and the ALJ gave little weight to the only other two opinions in the record, which were from non-examining physicians. R. 21. Thus, although the ALJ relied upon Dr. Lodhi's treatment notes to find that Claimant's fibromyalgia was a severe impairment, the ALJ did not have the benefit of an opinion from Dr. Lodhi regarding the Claimant's functional limitations when the ALJ assessed Claimant's RFC. R. 17, 20-22. There is no question that Dr. Lodhi's opinion finds far greater functional limitations than the other opinions in the record and the ALJ's RFC. *Compare* R. 697 *with* R. 18, 21, 98-105, 518-30, 532. Absent good cause, the opinions of treating physicians must be accorded substantial or considerable weight. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988). "The opinion of a non-examining physician does not establish the good cause necessary to reject the opinion of a

treating physician." *Johnson v. Barnhart*, 138 F. App'x. 266, 269 (11th Cir. 2005). Moreover, the opinions of a non-examining physician do not constitute substantial evidence when standing alone. *Spencer ex rel. Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985). Thus, absent good cause, Dr. Lodhi's opinion normally must be given substantial weight. *Lamb*, 847 F.2d at 703.

In its decision denying review, the Appeals Council merely identified that it had considered Dr. Lodhi's opinion, but found that it "does not provide a basis for changing the [ALJ's] decision." R. 2. As in *Epps*, 624 F.2d at 1272-73 and *Flowers*, 441 F. App'x. 745-47, the Appeals Council here perfunctorily adhered to the ALJ's decision. R. 2. Because the Appeals Council failed to demonstrate that it adequately evaluated the new evidence, the undersigned is unable to find that the final decision of the Commissioner is supported by substantial evidence. *See Bowen v. Heckler*, 748 F.2d 629, 634 (11th Cir. 1984) (where Appeals Council fails to adequately evaluate additional evidence the final decision is not supported by substantial evidence). Based on this error alone, it is recommended that the Court reverse and remand the case for further proceedings.[2]

## IV. CONCLUSION.

For the reasons stated above, it is **RECOMMENDED** that:

1. The final decision of the Commissioner be **REVERSED**, pursuant to sentence four of Section 405(g);
2. The case be **REMANDED** for further proceedings;

[2] This case must be reversed and remanded for further proceedings based on the above-stated error. On remand, the ALJ will necessarily have to reconsider all of the evidence, including the new evidence submitted to the Appeals Council and, therefore, it is unnecessary to consider Claimant's other argument – that the ALJ erred by failing to order a consultative examination. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record).

3. The Clerk be directed to enter judgment in favor of the Claimant; and
4. The Clerk be directed to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within **fourteen (14) days** from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on September 16, 2014.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Presiding District Court Judge
Counsel of record

The Court Requests the Clerk
Mail or Deliver Copies of this Order to:

The Honorable Stephen R. Woody
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc.
Nat'l Hearing Center
5107 Leesburg Pike
Falls Church, VA 22041