# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SHARIKA NICOLE JENKINS,**

    **Plaintiff,**

**v.**                                                                                        **Case No:   6:13-cv-1583-Orl-31GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## ORDER

On September 17, 2014, the Magistrate Judge entered a Report and Recommendation (Doc. 19) recommending that the decision of the Commissioner be reversed and remanded for further proceedings. On September 24, 2014, the Commissioner filed an objection (Doc. 20) to the Report and Recommendation, and on September 30, 2014, the Plaintiff filed a response (Doc. 21) to that objection. Upon *de novo* review of the above, the Court agrees that the decision of the Commissioner is due to be reversed and remanded.

After the ALJ determined that the Plaintiff was not disabled, the Plaintiff requested review of the decision and submitted new evidence to the Appeals Council. The Appeals Council denied review, stating only that the new evidence "does not provide a basis for changing the [ALJ's] decision." The Magistrate Judge found that this denial ran afoul of the requirement, set forth in *Epps v. Harris*, 624 F.2d 1267 (5th Cir. 1980),[1] that the Appeals Council explain the basis for its determination that newly submitted evidence did not merit reversal:

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all prior decisions of the former Fifth Circuit.

> Although the Appeals Council acknowledged that Epps had submitted new evidence, it did not adequately evaluate it. Rather, it perfunctorily adhered to the decision of the hearing examiner. This failure alone makes us unable to hold that the Secretary's findings are supported by substantial evidence and requires us to remand this case for a determination of Epps' disability eligibility reached on the total record.

*Id.* at 1273.

The Commissioner offers two primary arguments as to why the Appeals Council's perfunctory adherence to the decision of the ALJ in this case does not require a remand. The Commissioner points to several unpublished Eleventh Circuit decisions in which the court stated that the Appeals Council is not required to provide a thorough explanation when denying review. *See*, *e.g.*, *Burgin v. Commissioner of Soc. Sec.*, 420 Fed.Appx. 901. 903 (11th Cir. 2011) (unpublished). However, the cases cited by the Commissioner do not address *Epps*, which remains good law within this Circuit. The Commissioner also argues that *Epps* is inapplicable because the Appeals Council in that case actually affirmed the decision denying eligibility rather than, as here, denying review of that decision. But the Commissioner offers no explanation as to why the Appeals Council would be obligated to articulate its reasoning when it affirms the decision of the ALJ but not when it denies review of that decision.[2] The Commissioner's other arguments do not merit discussion. Accordingly, it is hereby

**ORDERED** that:

1. The Report and Recommendation is **CONFIRMED** and **ADOPTED** as part of this Order.

---

[2] The Commissioner appears to suggest that the Appeals Council's decision is only reviewable by the District Court if the Appeals Council grants review. This position has been rejected by the Eleventh Circuit. *See Ingram v. Commissioner of Soc. Sec.*, 496 F.3d 1253, 1262 (11th Cir. 2007) ("The settled law of this Circuit is that a court may review … a denial of review by the Appeals Council.")

2. The final decision of the Commissioner is **REVERSED** pursuant to sentence four of Section 405(g).

3. The case is **REMANDED** for further proceedings consistent with this Order.

4. The Clerk is **DIRECTED** to enter judgment in favor of the Plaintiff, and close the case.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 16, 2014.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party